UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on June 14, 2024

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 25-MJ-0017 |
| | : | |
| JOHN GAINES, | : | VIOLATION: |
| | : | 18 U.S.C. § 922(g)(1) |
| and | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| JAMES GASKINS, | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| Defendants. | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about October 4, 2024, within the District of Columbia, **JOHN GAINES**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2023-CF2-003187, did unlawfully and knowingly receive and possess a firearm, that is, a Millennium G2, 9mm semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about October 4, 2024, within the District of Columbia, **JAMES GASKINS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2016-CF2-007922, and 2018-CF2-013757, and in the United States District Court for the District of Columbia, Criminal Case No. CR20-000023, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 17, 9mm semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One and Two of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Millennium G2, 9mm semi-automatic firearm and 9mm ammunition, and a Glock 17, 9mm semi-automatic firearm and 9mm ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be subdivided without difficulty;

2

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

_____
Attorney of the United States in
and for the District of Columbia.